IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TRI-STATE EXPRESS, INC.,

                Plaintiff,

v.                                                CIVIL  ACTION  NO.  3:07-0621

TREGO TOLEDO SERVICES, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Tri-State Express, Inc.'s motion to remand this action to the Circuit Court of Cabell County, West Virginia, and for an award of costs. Plaintiff contends that the amount in controversy does not exceed $75,000 as provided under 28 U.S.C. § 1332(a). Defendant Trego Toledo Services, LLC contends that the amount in controversy exceeds the jurisdictional threshold. After reviewing the Complaint and the legal memoranda, the Court concludes that the requisite amount is in controversy and **DENIES** Plaintiff's motion to remand. [Doc. No. 5].

**I.
DISCUSSION**

Defendant removed this case to federal court pursuant to 28 U.S.C. § 1441(a), and based jurisdiction upon 28 U.S.C. § 1332, which permits cases to be brought in federal court if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. It is undisputed that diversity of citizenship exists in this case. The sole issue is whether the $75,000 amount in controversy is satisfied.

This case arises out of a contract dispute in which Plaintiff alleges that Defendant owes it $38,832.62 under the agreement. Plaintiff alleges that Defendant's breach of the contract has resulted in damages for aggravation, annoyance, inconvenience, and loss of use of its money. Plaintiff also claims that Defendant fraudulently induced Plaintiff into entering the contract; that it made material misrepresentations and omissions, which Plaintiff relied upon to its detriment; that Defendant was unjustly enriched by its acts and failures to act; and that Defendant's actions were fraudulent, willful, wanton, intentional, malicious, and reckless, entitling Plaintiff to punitive damages. In the *ad damnum* clause, Plaintiff states as follows:

> **WHEREFORE,** Plaintiff prays for an award of compensatory damages to be fixed by the Court in a reasonable amount. Plaintiff further prays for an award of punitive damages to be fixed by the Court in a reasonable amount. Additionally, Plaintiff asks for costs of this action, attorney fees, all pre-judgment interest as provided by law, all of which will total less than $75,000; and such other relief as this Court deems mete and proper.

Defendant argues that Plaintiff's statement that the total will be "less than $75,000" only applies to the "costs of this action, attorney fees, [and] all pre-judgment interest," and that Plaintiff did not include in the figure its prayer for compensatory and punitive damages. When those amounts are considered, Defendant argues it is likely that the damages will exceed the $75,000 threshold.

In considering the *ad damnum* clause, the Court finds that it is at best ambiguous. In any event, however, this Court is not bound by Plaintiff's assessment of the potential damages. As recently explained by the Honorable Judge John T. Copenhaver, Jr. in *Strawn v. AT&T Mobility, Inc.*, 513 F. Supp.2d 599 (S.D. W. Va. 2007), the law of West Virginia does not limit recovery to

the amount demanded in the complaint. 513 F. Supp.2d at 603 (citations omitted).  Therefore, "an *ad damnum* clause that seeks an amount below the jurisdictional threshold is not, in and of itself, enough here to deny federal jurisdiction." *Id.* (citing *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 484-86 (S.D. W. Va. 2001).[1]  Instead, in determining the amount in controversy for purposes of subject matter jurisdiction, "the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *White v. J.C. Penney Life Insurance Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994) (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3725 at 423-24 (1985)). In making this determination, the court "is not required to leave its common sense behind." *Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. 22, 24 (S.D. W. Va. 1994).  In addition, it is Defendant's burden to establish that Plaintiff's claims exceed the jurisdictional amount, and Defendant must prove the amount in controversy by a preponderance of the evidence. *Strawn*, 513 F. Supp.2d at 605; *McCoy,* 147 F. Supp.2d at 489.

Reviewing the allegations of the Complaint along with the memoranda filed by the parties in this case, the Court has no difficulty in concluding that Defendant has satisfied its burden of proof and that Plaintiff's damages may exceed $75,000.  In the Complaint, Plaintiff seeks

---

[1]The Court in *Strawn* recognized that the United States Supreme Court previously stated in *dicta* that a plaintiff may "'resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.'" *Id*. at 602 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)).  Many courts have found this *dicta* establishes "'a bright-line rule compelling remand where a specific sum less than the jurisdictional amount is stated.'" *Id*. at 602-03 (quoting *McCoy*, 147 F. Supp.2d at 484). However, the statement in *Red Cab* was based upon the assumption that a plaintiff was bound by the amount asserted in the *ad damnum* clause. *Id*. at 603 (citation and footnote omitted).  This assumption is not true under West Virginia law. *Id*.

$38.832.62 for the breach alone. Additionally, Plaintiff seeks damages for aggravation, annoyance, inconvenience, loss of use of its money, and punitive damages. The Court finds that the totality of these damages could easily exceed $75,000.[2] Therefore, the Court has subject matter jurisdiction over this controversy and the Motion to Remand must be denied.[3]

## II.
## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand and for Award of Costs. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: January 30, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff also requests attorney fees. Although attorney's fees may be considered as part of the amount in controversy if provided by contract or statute, the Court has not considered them in this case because the Court is unaware if there is a contractual or statutory provision permitting such fees. *See Strawn*, 513 F. Supp.2d at 608 (stating "[w]hen attorney fees are provided for by contract or statute, the court may consider an award as part of the amount in controversy").

[3]Defendant also argues that diversity jurisdiction exists by virtue of its compulsory counterclaim alleging compensatory damages in the amount of $86,539.78. Given the Court's decision above, the Court need not address this issue.